IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN GILLEPSIE,** | Case Number 1:14 CV 2825 |
| Petitioner, | Judge Patricia A. Gaughan |
| v. | Magistrate Judge James R. Knepp, II |
| **OHIO STATE PENITENTIARY,** | |
| Respondent. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

*Pro se* Petitioner John Gillespie[1], a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") on December 29, 2014. (Doc. 1). Respondent filed a Return of Writ with attached exhibits and transcripts in May 2015. (Doc. 8). Petitioner never replied to the Return of Writ. Approximately eight months after filing his Petition, Petitioner filed a Motion to Stay his Petition. (Doc. 9). Respondent opposed the motion (Doc. 10) and Petitioner responded (Doc. 11). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned pursuant to Local Rule 72.2(b)(2). (Non-document entry dated January 27, 2015). For the reasons discussed below, Petitioner's Motion to Stay is denied.

### ANALYSIS

A federal court may exercise its "limited discretion" in holding a petition in abeyance if a petitioner presents a "mixed petition"; that is, one containing both exhausted and unexhausted claims. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). To do so,

---

1. The caption of this case improperly identifies Petitioner as Gillepsie. However, a review of the record reveals his name to be Gillespie.

Petitioner must show he meets the criteria set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). The procedure is only appropriate: 1) when there is good cause for failure to exhaust in state court; 2) when the unexhausted claims are potentially meritorious; and 3) when there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Here, at least two of Petitioner's grounds for relief are unexhausted as they were never presented to the Ohio Supreme Court. (*See* Doc. 1). Petitioner asserts his ignorance of the law and ineffective assistance of counsel as his reason for failing to do so. (Doc. 9). Good cause for a stay "falls somewhere between the 'lower threshold of unfairness,' and the 'higher standard of extraordinary circumstances…'" *Williams v. Hurley*, 2006 WL 1650771, at *10 (S.D. Ohio) (citing *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)). The combination of these two factors, ignorance and ineffective assistance of counsel, most likely satisfy this amorphous good cause standard. *Id*. at 9-11; *see also e.g*., *Rhines v. Weber*, 408 F.Supp.2d 844, 847-48 (D.S.D. 2005); *Boyd v. Jones*, 2005 WL 2656639 at *4 (E.D.Mich.); *Martin v. Warren*, 2005 WL 2173365 at *2 (E.D.Mich.) (finding ineffective assistance of counsel in post-conviction proceedings constituted good cause); *Pace v. DiGuiglielmo*, 544 U.S. 408, 416 (2003) (good cause can be shown by a petitioner's reasonable confusion).

However to justify a stay the unexhausted claims must be potentially meritorious; here, that is not the case. Both of Petitioner's unexhausted grounds for relief deal with issues of state law and therefore, will be non-cognizable. Thus, even if the procedural default is cured by delayed appeal to the Ohio Supreme Court, which Petitioner has shown no evidence of attempting to accomplish, the claims will be non-cognizable upon habeas review. *See Oregon v. Ice*, 555 U.S. 160, 163-64 (2009); *Clementson v. Tibbals*, 2013 WL 1788447, at *10-11 (N.D. Ohio) (interpreting *Oregon v. Ice* and Ohio law; finding judicial discretion to impose consecutive sentences does not violate the Sixth Amendment). Because Petitioner's unexhausted grounds will

not be able to present a federal question for habeas review there is no reason to stay his habeas petition. For the reasons stated above, Petitioner's request for stay is DENIED.

As of the time of this order, Petitioner had not replied to Respondent's Return of Writ filed on May 5, 2015 but instead filed the Motion to Stay to exhaust his claims on August 26, 2015. (*See* Docs. 8, 9). Considering the difficulties with respect to access to legal materials and the position of prisoner, the Court generously construes the Motion to Stay as a concurrent Motion for Leave to File a late Reply. Petitioner is GRANTED until November 20, 2015, to reply to Respondent's Return of Writ should he wish to do so.

## CONCLUSION

Following review and for the reasons stated above, the Court DENIES the Motion to Stay and GRANTS Petitioner until November 20, 2015, to file a Reply to Respondent's Return of Writ.

 s/James R. Knepp II
United States Magistrate Judge
