IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN GILLEPSIE,**            Case Number 1:14 CV 2825

    Petitioner,            Judge Patricia A. Gaughan

    v.            Magistrate Judge James R. Knepp, II

**OHIO STATE PENITENTIARY,**

    Respondent.            REPORT AND RECOMENDATION

### INTRODUCTION

*Pro se* Petitioner John Gillespie[1] ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") on December 29, 2014. (Doc. 1). Respondent filed a Return of Writ with attached exhibits and transcripts in May 2015. (Doc. 8). Petitioner never replied to the Return of Writ. Approximately eight months after filing his Petition, Petitioner filed a Motion to Stay his Petition. (Doc. 9). Respondent opposed the motion (Doc. 10) and Petitioner responded (Doc. 11). The undersigned denied the Motion to Stay and gave Petitioner until November 20, 2015, to respond to Respondent. (Doc. 12). After a request for an extension, Petitioner was granted until January 18, 2016, to respond; he has failed to do so. (Doc. 14).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned pursuant to Local Rule 72.2(b)(2). (Non-document entry dated January 27, 2015). For the reasons discussed below, the Court recommends the Petition be denied.

---

1. The caption of this case improperly identifies Petitioner as Gillepsie. However, a review of the record reveals his name to be Gillespie.

**FACTUAL BACKGROUND**

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, the state court's factual findings were erroneous. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). The Eighth District Court of Appeals made the following findings of fact:

> {¶ 3} Prior to the commencement of trial, appellant agreed to enter into a plea agreement whereby he pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), as amended in Count 2 of the indictment, with one—and three-year firearm specifications; two counts of felonious assault in violation of R.C. 2903.11(A)(2), as amended in Counts 5 and 6 of the indictment, with a one-year firearm specification attached to each count; and one count of receiving stolen property, as charged in Count 10 of the indictment.
>
> {¶ 4} Prior to sentencing, the victims, Nadra Henen and Gerhard Herbst, addressed the court and provided an account of appellant's actions in this matter. Henen and Herbst were working at the Convenient Food Mart located at West 61st Street and Detroit Avenue in Cleveland, Ohio, on the evening of October 24, 2012. At approximately 10:40 p.m., appellant entered the store brandishing a firearm and ordered Henen to give him everything in the cash register. Henen stated that she immediately closed the cash register drawer and yelled at appellant to leave the store. Herbst, who was standing next to Henen, stepped forward toward appellant, at which point appellant struck Herbst over the head with his firearm. When Henen attempted to stop appellant, she was also struck over the head with the firearm. Appellant then ran out of the store, firing a shot as he fled. Both Henen and Herbst suffered substantial injuries as a result of the attack. The following day, detectives from the Cleveland Police Department went to an address where appellant was known to reside and discovered the weapon used during the commission of the offense as well as the hat worn by appellant at the time of the robbery. The weapon recovered was later found to have been reported stolen.
>
> {¶ 5} On January 31, 2013, the trial court imposed a prison sentence of 12 years. Appellant's sentence included four years on the aggravated robbery charge, two years each on the felonious assault charges, and six months on the receiving stolen property charge. The trial court ordered the sentences

>for the aggravated robbery and felonious assault charges to run consecutively to each other, but concurrently with the sentence for the receiving stolen property charge, for a total of 8 years on the underlying charges. The trial court further merged the one-year firearm specifications attached to the felonious assault charges, but ordered the remaining one-year specification to be served consecutively to the three-year specification attached to the aggravated robbery charge. The trial court ordered the remaining four years of firearm specifications to be run prior and consecutive to the underlying charges.

(Doc. 8, Ex. 8).

## PROCEDURAL BACKGROUND

The relevant procedural history is undisputed by the parties and was accurately summarized in Respondent's brief; therefore, it is incorporated herein with only minor changes. (Doc. 8, at 3-5).

*State Trial Court*

On November 9, 2012, a Cuyahoga County Grand Jury indicted Petitioner on one count of kidnapping with a one-year firearm specification and a three-year firearm specification; three counts of aggravated robbery each with a one-year firearm specification and three-year firearm specification; four counts of felonious assault each with a one-year firearm specification and a three-year specification; one count of discharging a firearm on or near a prohibited premises with a one-year firearm specification; and one count of receiving stolen property. (Doc. 8, Ex. 1). Petitioner, through counsel, entered a plea of not guilty on all counts of the indictment. (Doc. 8, Ex.2). The matter was then set for trial.

Prior to trial, Petitioner entered into a plea agreement. (Doc. 8, Ex. 3). He pleaded guilty to one count of aggravated robbery with three-year and one-year firearm specifications, two counts of felonious assault with a one-year firearm specification for each count, and one count of receiving stolen property. (Doc. 8, Ex. 3). The State dismissed the remaining counts. (Doc. 8, Ex.

3). On January 31, 2013, Petitioner was ordered to serve an aggregate sentence of twelve years. (Doc. 8, Ex. 4).

*Direct Appeal*

Petitioner, through new counsel, filed a timely notice of appeal of his conviction and sentence to the Eighth District Court of Appeals, Cuyahoga County, Ohio. (Doc. 8, Ex. 5). In his brief, Petitioner set forth the following assignments of error:

1. The trial court erred in convicting and in consequently sentencing allied crimes of similar import which resulted in cumulative punishments violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applies to the states through the Fourteenth Amendment and Section 10, Article I of the Ohio Constitution.

2. The trial court committed reversible error when it failed to merge all firearms specifications contained in the indictment in violation of O.R.C. 2929.14(D)(1)(B) and in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Doc. 8, Ex. 6). The State filed a brief in response. (Doc. 8, Ex. 7). On November 7, 2013, the Court of Appeals affirmed the judgment of the trial court. (Doc. 8, Ex. 8).

Petitioner, through different appellate counsel, filed an appeal of the Eighth District's affirmation to the Ohio Supreme Court. (Doc. 8, Ex. 9). In his memorandum in support of jurisdiction, Petitioner asserted the following proposition of law:

1. When a defendant's underlying felonies are part of the same criminal objective, trial courts are not compelled to impose multiple punishments for the firearm specifications attached to each underlying offense under R.C. 2929.12(B)(1)(g).

(Doc. 8, Ex. 10). The State filed a memorandum in response. (Doc. 8, Ex. 11). On March 26, 2014, the Ohio Supreme Court dismissed the appeal; the Ohio Supreme Court declined "to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4)." (Doc. 8, Ex. 12).

**FEDERAL HABEAS CORPUS**

Petitioner, *pro se*, filed the instant petition for a writ of habeas corpus that was received by the court on December 29, 2014. His grounds for relief are as follows:

> **GROUND ONE:** The trial court erred in convicting and in consequently sentencing allied crimes of similar import which resulted in cumulative punishments violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applies to the states through the Fourteenth Amendment and Section 10, Article I of the Ohio Constitution.
>
> **GROUND TWO:** The trial court committed reversible error when it failed to merge all firearms specifications contained in the indictment in violation of O.R.C. 2929.14(D)(1)(B) and in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> **GROUND THREE:** When a defendant's underlying felonies are part of the same criminal objective, trial courts are not compelled to impose multiple punishments for the firearm specifications attached to each underlying offense under R.C. 2929.12(B)(1)(g).

(Doc. 1).

**JURISDICTIONAL ISSUES**

Respondent argues, unopposed, that all of Petitioner's grounds for relief are either non-cognizable or procedurally defaulted; and, as such, should be dismissed. (Doc. 8).

*Procedural Default*

Procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to [the petitioner's] failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006).

A habeas petitioner may fail to obtain consideration of a claim by a state court in two scenarios, either: (1) he failed to fairly raise the claim before the state courts while state remedies

5

were still available, or (2) he failed to comply with a state procedural rule which prevented the state courts from reaching the merits of the petitioner's claim. *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977). In either of these scenarios, the claim is procedurally defaulted and may not be considered by the federal court on habeas review. *Seymour v. Walker*, 224 F.2d 542, 550 (6th Cir. 2000). Petitioner's first and second grounds for relief are defaulted for the first reason.

A petitioner may procedurally default his constitutional claim by failing to fairly present it to the highest state court and to all appropriate state courts prior to that through the state's "ordinary appellate review procedures." *O'Sullivan*, 526 U.S. at 847. In Ohio, "one complete round of the State's established appellate review process" means a defendant must fairly present his constitutional claims on the record to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub*, 349 F.3d. 340, 346 (6th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845). Fair presentation requires that the claims must be presented at the first available opportunity, *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994), unless the petitioner can prove some external factor was the cause of her failure and prejudice resulted. *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As to Petitioner's first two grounds for relief, he failed to pursue these grounds for relief to the Ohio Supreme Court after they were denied by the Eighth District. (*See* Doc. 8, Ex. 10). Fair presentation requires that the claims be presented at each level of state review so as to allow the state court a full opportunity to resolve any constitutional issues. *O'Sullivan*, 526 U.S. at 848; *Caver*, 349 F.3d at 346. The failure to do so will result in a waiver of those claims under *res judicata*. *Id.*; *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982).

Petitioner did not present grounds one or two in his direct appeal to the Ohio Supreme Court; and thus, the doctrine of *res judicata* applies. Petitioner did not raise known issues in his direct appeal contrary to the doctrine of *res judicata* and the highest state court was unable to

6

review the merits of these claims due to his failure. *Res judicata* has long been held to be a state procedural bar with the effect that claims not raised on direct appeal will be dismissed. *See State v. Perry*, 226 N.E.2d 104 (Ohio 1967). *Res judicata* is a "firmly established and regularly followed" state practice on which to foreclose federal review of a constitutional claim. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). Petitioner has not asserted cause and prejudice to excuse this failure; accordingly, the Court recommends grounds one and two of the Petition be dismissed as procedurally defaulted.

*Non-Cognizable Claims*

The Court will not have jurisdiction over Petitioner's claims for purposes of habeas corpus review if they do not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254. Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("[a] claim based solely on an error of state law is not redressable through the federal habeas process.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Importantly, merely asserting a state law error violates the Federal Constitution is not sufficient to justify jurisdiction. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Nevertheless, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). "[T]he category of infractions that violate fundamental fairness is defined very narrowly", and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1977) (citations omitted)); *see also Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993). The habeas petitioner

bears the burden to show "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Bey*, 500 F.3d at 521.

Ground three is non-cognizable because it challenges a state court's interpretation of state sentencing laws. Here, the Eighth District determined that Ohio Revised Code § 2929.14(B)(1)(g) required a prison term associated with each of the two most serious firearm offenses; and allowed for discretionary sentencing on any other firearm specifications. (Doc. 8, Ex.8, at ¶¶ 15-17). The Ohio Supreme Court specifically declined jurisdiction to challenge this interpretation of the state sentencing statute. (Doc. 8, Ex. 12).

Thus, according to the well-settled principle that rulings by state courts with respect to state law are binding on the federal courts, the third ground for relief is non-cognizable. *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988); *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013). Further, Petitioner has not proven the state court's interpretation created a "fundamentally unfair" process, and, thus, the Court recommends ground three be dismissed as non-cognizable. *See Bey*, 500 F.3d at 521; *Estelle*, 502 U.S. at 67–68.

### CONCLUSION AND RECOMMENDATION

Following review and for the reasons stated above, the undersigned recommends the Court deny the Petition.

                                                                            s/James R. Knepp II
                                                                            United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).